## CIRCUIT COURT OF THE CITY OF ROANOKE

Robert D. Emery,
an infant who sues
by his father
and next friend,
Ralph D. Emery

v.

Kathleen A. Fletcher

December 20, 1995

Case No. CL93-48

By JUDGE ROBERT P. DOHERTY, JR.

This is the case of a ten-year-old boy struck by the Defendant's automobile while crossing a road. Liability is disputed. There is $100,000.00 insurance coverage. The settlement figure is $85,000.00. The medical costs exceed $430,000.00. The health insurance for the child has been exhausted. The child's father has paid over $40,000.00 of his son's medical bills. There is a Medicaid lien of $37,614.50. There is a projected annual medical cost of $10,500.00, one-half of which will be paid by the child's father and one-half to be paid by the Roanoke Interagency Council.

The issue presented is whether the Commonwealth's Medicaid lien in the amount of $37,614.50 should be reduced under the authority granted the court by virtue of § 8.01-66.9, Code of Virginia (1950), as amended.

The child, now age fourteen, has serious permanent physical and mental disabilities. Obviously, the child will need long-term care. The parties have been negotiating a reduction of the Medicaid lien in good faith. The Commonwealth has proposed that the $85,000.00 award be divided into thirds, one-third to be applied to the Medicaid lien, one-third to the child, and one-third to the child's attorney. The child, through his attorney and his next friend, have proposed that the attorney voluntarily reduce his attorney's fees from one-third to twenty-five percent, that the costs be paid in full, that $50,000.00 be placed in a trust for the child, and that the balance be divided

equally between the Medicaid lien and the father's lien. The father proposes to use his portion of the funds to provide dental care for the child, which he is not able to do at the present time because of his financial condition, and to provide a computer for the child to use at home to enhance his skills.

Balancing the equities in this case and considering that the extra funds for the benefit of the child will allow the child's father to keep the child off the welfare rolls for a longer period of time, I have reduced the Commonwealth's Medicaid lien to $7,288.85. The father's lien is reduced to $4,500.00. The costs of $1,641.15 will be paid out of the settlement proceeds. The attorney's fees, voluntarily reduced from $28,333.33 to $21,250.00, shall be paid. The balance of $50,000.00 shall be applied for the benefit of the child in a trust with adequate surety approved by the court.